## Ludescher's Estate.

648

*Keller H. Gilbert*, for exceptions; *Joseph Moss* and *Emanuel Moss*, contra.

VAN DUSEN, J., Nov. 28, 1930.—Testatrix directed that her estate be converted into money by her executor, and then said: "I further direct that the funds so derived shall be deposited by him in a savings institution of the City of Philadelphia, and from said funds he shall pay on the first day of each and every month, the sum of twenty-five dollars ($25.00) to my daughter, Mrs. Lena Reinert, until all the funds shall become exhausted. (5) In the event that my daughter, Mrs. Lena Reinert shall die before the above mentioned trust fund has become exhausted, I then give, bequeath and devise the said trust fund to the children of Mrs. Lena Reinert, share and share alike."

The Auditing Judge held that the annuity was primarily chargeable to income from the fund, with which we agree. The reference to possible exhaus-

tion of the "fund" seems superfluous, in view of the amount of principal which remained at the death of the testatrix, but we cannot say that she expected to leave so much when she made her will some years before. The language is not enough to exclude income and confine the payments to principal, as contended by the exceptant; and as between the two, income is to be used first. Testatrix directed that the fund be put "in a savings institution," and there it would necessarily produce income, which then becomes part of the fund; and the disposition thereof must include income as well as principal, in the absence of language referring to principal alone. In Griffith's Estate, 147 Pa. 274, cited by exceptant, the expenses of maintaining a lunatic were first charged against income, and it was held that, under the language of the deed of trust, principal also might be used; and this would seem to be the case here.

As the fund earns twice as much as is necessary to pay the annuity, there is surplus income. If the surplus was smaller and it was reasonably necessary to retain it to secure the annuity, that might be done. But it is so much more than is necessary, and the annuity is so amply protected by the principal, and the power of that principal to earn "in a savings institution of the City of Philadelphia" income in the future, that the retention of income and ultimate distribution thereof under paragraph 5 of the will would be an illegal accumulation. The direction to accumulate the income falls: Maris's Estate, 301 Pa. 20; but not the gift of the income, if there is one. The only gift in the will is in paragraph 5, which is to take effect only at the death of the annuitant; and there is no disposition of the surplus income during the life of the annuitant. It must, therefore, go under the intestate law as awarded by the Auditing Judge.

Exception No. 4 was withdrawn at the bar of the court. The other exceptions are dismissed and the adjudication is confirmed absolutely.

LAMORELLE, P. J., did not sit.